UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*Miami-Dade County, Florida v. AmerisourceBergen Drug Corporation et al*<br><br>1:18-op-45552-DAP | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff Miami Dade County, Florida submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleading, *Miami-Dade County, Florida v. AmerisourceBergen Drug Corporation, et al.*, No. 1:18-cv-21608, (Dkt. #1), No. 1:17-md-2804, (Dkt. #395), (the "Existing Complaint"), and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.*, Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, (Dkt. #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its Existing Complaint to alter the defendants against which claims are asserted as identified below. To the extent Defendants were previously named in Plaintiff's Existing Complaint and are no longer identified as Defendants herein, they have been dismissed without prejudice, except as limited by CMO-1, Section 6(e). (Dkt. #232.)

---

[1] Docket #513 is the redacted *Summit County* Second Amended Complaint, and Docket #514 is the unredacted *Summit County* Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted *Summit County* Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

Plaintiff's Existing Complaint in *Miami-Dade County, Florida v. AmerisourceBergen Drug Corporation, et al.*, Case No. 1:18-op-45552-DAP, Case No. 1:18-cv-21608, (Dkt. #1), Case No. 1:17-md-2804, (Dkt. #395), is expressly incorporated by reference to this Short Form as if fully set forth herein, except to the extent that allegations regarding certain Defendants that are not listed in section 1 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

1. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

    a. AMERISOURCEBERGEN DRUG CORPORATION;
    b. CARDINAL HEALTH, INC.;
    c. McKESSON CORPORATION;
    d. PURDUE PHARMA LP;
    e. PURDUE PHARMA, INC.;
    f. THE PURDUE FREDERICK COMPANY, INC.;
    g. TEVA PHARMACEUTICAL INDUSTRIES LTD.;
    h. TEVA PHARMACEUTICALS USA, INC.;
    i. CEPHALON, INC.;
    j. JOHNSON & JOHNSON;
    k. JANSSEN PHARMACEUTICALS, INC.;
    l. ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC.;
    m. JANSSEN PHARMACEUTICA, INC.;
    n. NORAMCO, INC.;
    o. ENDO HEALTH SOLUTIONS, INC.;
    p. ENDO PHARMACEUTICALS, INC.;
    q. ALLERGAN PLC;
    r. WATSON PHARMACEUTICALS, INC.;
    s. WATSON LABORATORIES, INC.;
    t. ACTAVIS LLC;
    u. ACTAVIS PHARMA, INC.;
    v. MALLINCKRODT PLC;
    w. MALLINCKRODT LLC;
    x. ANDA, INC.;
    y. H.D. SMITH, LLC D/B/A H.D. SMITH, F/K/A H.D. SMITH WHOLESALE DRUG COMPANY;
    z. SPECGX LLC;
    aa. PAR PHARMACEUTICAL, INC.;
    bb. PAR PHARMACEUTICAL COMPANIES, INC.;

    cc. CVS HEALTH CORPORATION;
    dd. PUBLIX SUPER MARKETS, INC.;
    ee. WALMART, INC., F/K/A WAL-MART STORES, INC.;
    ff. WALGREENS BOOTS ALLIANCE, INC.; and
    gg. WINN-DIXIE STORES, INC.

I, **Anthony J. Majestro**, Counsel for Plaintiff, certify that in identifying all of the above Defendants, I followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff. I further certify that, except as set forth below, each of the Defendants newly-added herein appears in the ARCOS data I reviewed.

I understand that for each newly-added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly-named Defendant that does not appear in the ARCOS data.

**Dated: March 15, 2019**           **Signed:** /s/ Anthony J. Majestro

## Factual Allegations Regarding Individual Defendants

1.1. Defendants ANDA, INC., H.D. SMITH, LLC D/B/A H.D. SMITH, F/K/A H.D. SMITH WHOLESALE DRUG COMPANY, SPECGX, LLC, PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., CVS HEALTH CORPORATION, PUBLIX SUPER MARKETS, INC., WALMART INC., F/K/A WAL-MART STORES, INC., WALGREENS BOOTS ALLIANCE, INC., and WINN-DIXIE STORES, INC. are hereby added by Plaintiff as Defendants by this pleading based on the following jurisdictional allegations:

1.1.1 Defendant **Anda, Inc.** ("Anda"), through its various DEA registrant subsidiaries and affiliated entities, including but not limited to, Anda Pharmaceuticals, Inc., is the fourth largest distributor of generic pharmaceuticals in the United States. Anda is a Florida corporation with its principal office located in Weston, Florida. In October 2016, Defendant Teva acquired Anda from Allergan plc (*i.e.*, Defendant Actavis) for $500 million in cash. Anda is registered to conduct business and/or conducts business in Miami-Dade County and its surrounding areas

("Plaintiff's Community") as a licensed wholesale pharmaceutical distributor. Anda distributed opioids, in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. Anda is sued as a distributor defendant.

1.1.2 Defendant **H.D. Smith, LLC d/b/a H.D. Smith, f/k/a H.D. Smith Wholesale Drug Company** ("H.D. Smith"), through its various DEA-registered subsidiaries and affiliated entities, is a wholesaler of pharmaceutical drugs that distributes opioids throughout the country, including in Plaintiff's Community. H.D. Smith is registered to conduct business and/or conducts business in Plaintiff's Community as a licensed wholesale pharmaceutical distributor under the following named business entities: H.D. Smith Wholesale Drug Company, H.D. Smith Holdings, LLC, and H.D. Smith Holding Company. H.D. Smith Wholesale Drug Company has been restructured, and it is currently doing business as H.D. Smith, LLC. H.D. Smith is the largest independent wholesaler of pharmaceutical drugs in the United States. In January 2018, Defendant AmerisourceBergen acquired H.D. Smith. H.D. Smith is a distributor of wholesale brand, generic, and specialty pharmaceuticals and is a Delaware limited liability company with its principal place of business in Springfield, Illinois. At all times relevant to this Complaint, H.D. Smith distributed prescription opioids throughout the United States, including specifically in Plaintiff's Community. H.D. Smith distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. H.D. Smith is sued as a distributor defendant.

1.1.3 Defendant **SpecGx, LLC** is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly owned subsidiary of Defendant Mallinckrodt

plc. SpecGx, LLC is registered to conduct business and/or conducts business in Plaintiff's Community as a licensed wholesale pharmaceutical distributor. SpecGx, LLC distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. SpecGx, LLC is sued as a marketing defendant.

1.1.4 Defendant **Par Pharmaceutical, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant **Par Pharmaceutical Companies, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. (collectively "Par Pharmaceutical") was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Par Pharmaceutical is registered to conduct business and/or conducts business in Plaintiff's Community as a licensed wholesale pharmaceutical distributor. Par Pharmaceutical distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. Par Pharmaceutical is sued as a marketing defendant.

1.1.5 Defendant **CVS Health Corporation** is a Delaware corporation with its principal place of business in Rhode Island. CVS Health Corporation conducts business as a licensed wholesale distributor under the following named business entities: CVS Indiana, LLC, CVS Orlando FL Distribution, CVS Pharmacy, Inc., CVS RX Services, Inc, d/b/a CVS Pharmacy Distribution Center, CVS TN Distribution, LLC, and CVS VERO FL Distribution, LLC (collectively "CVS"). CVS is registered to conduct business and/or conducts business in

Plaintiff's Community as a licensed wholesale pharmaceutical distributor. CVS distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. CVS conducts business and is sued as both a distributor defendant and as a national retail pharmacy defendant.

1.1.6 Defendant **Publix Super Markets, Inc.** is a Florida corporation with its principal place of business in Lakeland, Florida. Defendant Publix is registered to conduct business and/or conducts business in Plaintiff's Community as a licensed wholesale pharmaceutical distributor under the following named business entities: Publix Food and Pharmacy and Publix Pharmacy. Defendant Publix distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. Defendant Publix is sued as both a distributor defendant and as a national retail pharmacy defendant.

1.1.7 Defendant **Walmart, Inc.** ("Walmart") f/k/a Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas. Walmart is registered to conduct business and/or conducts business in Plaintiff's Community as a licensed wholesale distributor under the following named business entities: Wal-Mart Warehouse #28, Wal-Mart Warehouse #6045 a/k/a Wal-Mart Warehouse #45, Wal-Mart Warehouse # 6046 a/k/a Wal-Mart Warehouse #46, and Wal-Mart Stores East, LP. Walmart distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walmart is sued as both a distributor defendant and as a national retail pharmacy defendant.

1.1.8    Defendant **Walgreens Boots Alliance, Inc.** is a Delaware corporation with its principal place of business in Illinois. Walgreens Boots Alliance Inc. is registered to conduct business and/or conducts business in Plaintiff's Community as a licensed wholesale distributor under the following named business entities: Walgreen Co., Walgreen Eastern Co., Inc., and Walgreen Arizona Drug Co. (collectively "Walgreens"). Walgreens distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. Walgreens is sued as both a distributor defendant and as a national retail pharmacy defendant.

1.1.9    Defendant **Winn-Dixie Stores, Inc.** ("Winn-Dixie") is a Florida Corporation with its principal place of business in Jacksonville, Florida. Winn-Dixie is registered to conduct business and/or conducts business in Plaintiff's Community as a licensed wholesale pharmaceutical distributor under the following named business entities: Winn-Dixie Logistics, Inc., Winn-Dixie Logistics, LLC, Winn Dixie Logistics, and Winn Dixie Pharmacy Warehouse #9002. Winn-Dixie distributed opioids in violation of the duties owed to Plaintiff, as set forth in Plaintiff's Existing Complaint and the other allegations incorporated herein in sufficient quantities to be a proximate cause of Plaintiff's injuries. Winn-Dixie is sued as both a distributor defendant and as a national retail pharmacy defendant.

## COMMON FACTUAL ALLEGATIONS

2.    By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. (Dkt. #1282.)

☒ Common Factual Allegations (Paragraphs 130-670 and 746-813)
☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

3. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here. Plaintiff asserts the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached): N/A

## CLAIMS

4. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, (Dkt. #1282), are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff's Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961, *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961, *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

5. Plaintiff asserts the following **additional claims** as indicated (below or attached): N/A

6. To the extent Plaintiff wishes to **dismiss claims** previously asserted in Plaintiff's Existing Complaint, they are identified below and will be dismissed without prejudice: N/A

WHEREFORE, Plaintiff prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: March 15, 2019                               /s/Anthony J. Majestro

*Attorneys for Plaintiff*
Anthony J. Majestro
J.C. Powell
James S. Nelson
Christina L. Smith
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com
jcpowell@powellmajestro.com
jnelson@powellmajestro.com
csmith@powellmajestro.com

/s/J. Burton LeBlanc, IV
Russell W. Budd
J. Burton LeBlanc, IV
Laura J. Baughman
Christine C. Mansour
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
rbudd@baronbudd.com
bleblanc@baronbudd.com
lbaughman@baronbudd.com
cmansour@baronbudd.com

/s/Peter J. Mougey
Peter J. Mougey
Troy Rafferty
Archie C. Lamb, Jr.
Page A. Poerschke
Laura S. Dunning
Jeffrey Gaddy
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
alamb@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
jgaddy@levinlaw.com


/s/ Paul T. Farrell, Jr.
Paul T. Farrell, Jr.
M. Bert Ketchum, III
**GREENE, KETCHUM, FARRELL, BAILEY & TWEEL, LLP**
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, WV 25724-2389
Phone: 800-479-0053 or 304-525-9115
Fax: 304-529-3284
paul@greeneketchum.com
bert@greeneketchum.com

/s/James C. Peterson
R. Edison Hill (WVSB No. 1734)
James C. Peterson (WVSB No. 2880)
Harry C. Deitzler (WVSB No. 981)
Aaron L. Harrah (WVSB No. 9937)
Sandra B. Harrah (WVSB No. 7130)
Douglas A. Spencer (WVSB No. 9369)
**HILL, PETERSON, CARPER, BEE & DEITZLER, PLLC**
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
Tel.: 304-345-5667
Fax: 304-345-1519
jcpeterson@hpcbd.com
rehill@hpcbd.com
HGDeitzler@hpcbd.com
aaron@hpcbd.com
sandra@hpcbd.com
doug@hpcbd.com


/s/Michael J. Fuller, Jr.
Michael J. Fuller, Jr.
Amy J. Quezon
**MCHUGH FULLER LAW GROUP, PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS 39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com
amy@mchughfuller.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 15th day of March, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

                                            /s/Anthony J. Majestro
                                            Anthony J. Majestro
                                            *Attorney for Plaintiff*